# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACLYN SANTOMENNO, KAREN POLEY, and BARBARA POLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA INVESTMENT MANAGEMENT, LLC, and TRANSAMERICA ASSET MANAGEMENT, INC., <br><br> Defendants. | Civil Action No. 11-736 (FSH) (PS) <br><br><br><br> **Motion Returnable: June 20, 2011** <br> **Oral Argument Requested** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS TRANSAMERICA INVESTMENT MANAGEMENT, LLC AND TRANSAMERICA ASSET MANAGEMENT, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

| | |
|---|---|
| Thomas R. Curtin <br> George C. Jones <br> GRAHAM CURTIN <br> A Professional Association <br> 4 Headquarters Plaza, P.O. Box 1991 <br> Morristown, New Jersey 07962-1991 <br> (973) 292-1700 | Robert N. Eccles (*pro hac vice* pending) <br> Gary S. Tell (*pro hac vice* pending) <br> O'MELVENY & MYERS LLP <br> 1625 Eye Street, NW <br> Washington, D.C. 20006-4001 <br> (202) 383-5300 |

*Attorneys for Defendants*
*Transamerica Life Insurance Company,*
*Transamerica Investment Management, LLC*
*and Transamerica Asset Management, Inc.*

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1
BACKGROUND ...................................................................................................2
ARGUMENT .........................................................................................................3
I.     STANDARD OF REVIEW ........................................................................3
II.    PLAINTIFFS' PROHIBITED TRANSACTION CLAIMS FAIL AS
       A MATTER OF LAW ................................................................................3
III.   COUNTS IV & VII SHOULD BE DISMISSED AS TO TIM AND
       TAM FOR THE ADDITIONAL REASONS THAT THEY SEEK
       RELIEF THAT IS UNAVAILABLE UNDER ERISA § 502(A)(3) .............4
CONCLUSION ......................................................................................................8

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1
BACKGROUND ...................................................................................................2
ARGUMENT .........................................................................................................3
I.     STANDARD OF REVIEW ........................................................................3
II.    PLAINTIFFS' PROHIBITED TRANSACTION CLAIMS FAIL AS
       A MATTER OF LAW ................................................................................3
III.   COUNTS IV & VII SHOULD BE DISMISSED AS TO TIM AND
       TAM FOR THE ADDITIONAL REASONS THAT THEY SEEK
       RELIEF THAT IS UNAVAILABLE UNDER ERISA § 502(A)(3) .............4
CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aetna Life Ins. Co. v. DFW Sleep Diagnostics Ctr.*,
Civil No. A 02-1335, 2004 WL 1922033 (E.D. La. Aug. 25, 2004) .................. 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 8

*Calhoon v. TWA*,
400 F.3d 593 (8th Cir. 2005) ....................................................................... 7

*Great-W. Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002) ..........................................................................2, 4, 5

*Hecker v. Deere & Co.*,
556 F.3d 575 (7th Cir. 2009) ....................................................................... 6

*In re Unisys Corp. Retiree Med. Benefits*,
MDL No. 969, 2007 WL 2071876 (E.D. Pa. July 16, 2007) .............................. 7

*Nechis v. Oxford Health Plans, Inc.*,
421 F.3d 96 (2d Cir. 2005) .......................................................................... 7

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*,
317 F. App'x 169 (3d Cir. 2009) .................................................................. 4

## Statutes

15 U.S.C. § 80a.............................................................................................. 5

ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B) ..................................................... 6

ERISA § 401(b)(1), 29 U.S.C. § 1101(b)(1) ....................................................... 6

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).....................................................1, 4

## Regulations

17 C.F.R. § 270.2a-4(a)(4) ............................................................................ 5

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

**Other Authorities**

*Dobbs' Law of Remedies* § 2.3(3) (2d ed. 1993) ...................................................... 7

## INTRODUCTION

Defendants Transamerica Investment Management, LLC ("TIM") and Transamerica Asset Management, Inc. ("TAM") do not belong in this case. Plaintiffs do not assert their Investment Advisers Act claims against TIM or TAM and do not allege that TIM or TAM themselves breached any fiduciary duties under ERISA.[1]  Instead, Plaintiffs seek to impose non-fiduciary liability against TIM and TAM under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Plaintiffs' claims against TIM and TAM are predicated entirely on the fiduciary status of Transamerica Life Insurance Company ("TLIC"), which TLIC addresses in a separate motion to dismiss under Fed. R. Civ. P. 12(b)(6).  As such, to the extent the ERISA fiduciary claims are found to be invalid as to TLIC, Plaintiffs' claims against TIM and TAM should be dismissed as well.

But even if Plaintiffs had stated a valid claim against TLIC, their non-fiduciary duty claims against TIM and TAM would still fail for an additional reason.  Plaintiffs have not alleged facts sufficient to show they are entitled to relief under § 502(a)(3).  ERISA's civil enforcement provision, § 502(a)(3), authorizes courts to remedy violations of statutory or plan provisions by non-fiduciaries by granting injunctions or "other appropriate equitable relief."  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  That relief is available only "where money or

---

[1]   Employee Retirement Income Security Act of 1974, as amended.

property identified as belonging in good conscience to the plaintiff could clearly be traced to *particular funds or property* in the [non-fiduciary's] possession." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (emphasis added). Plaintiffs have not pleaded traceability (or a specifically identifiable *res*) nor could they. As described herein, traceability is an utter impossibility in light of the investment products at issue in this dispute.

Therefore, under Fed. R. Civ. P. 12(b)(6), the Court should grant Defendants' motion to dismiss.

## BACKGROUND

TIM and TAM incorporate by reference the Background section of TLIC's Memorandum in Support of Motion to Dismiss ("TLIC Br.") as if fully set forth herein, and additionally state as follows:

TIM and TAM, both affiliates of TLIC, act as advisors to certain of the underlying mutual funds and collective investment trusts held in the separate account investment options that TLIC offers to plan sponsors. (Compl. ¶¶ 63-64, 296-98.) The Complaint alleges that TIM and TAM received investment management, investment advisory or similar fees from the Plaintiff Plans' investments in these investment options, and that the receipt of such fees constitute prohibited transactions under ERISA §§ 406(b)(1) and (3), 29 U.S.C. §§ 1106(b)(1) and (3). (*Id*. ¶¶ 299-301.) Plaintiffs do not plead that TIM and TAM

constitute fiduciaries under ERISA.  Nor do Plaintiffs plead that TIM or TAM violated the Investment Advisers Act.

# ARGUMENT

## I. STANDARD OF REVIEW

TAM and TIM incorporate by reference Section I of TLIC's Motion to Dismiss as if fully set forth herein.

## II. PLAINTIFFS' PROHIBITED TRANSACTION CLAIMS FAIL AS A MATTER OF LAW.

Counts IV and VII allege that TIM and TAM knowingly participated in fiduciary breaches by TLIC related to the payment of investment management, investment advisory or other fees to TLIC-affiliated entities.  Those non-fiduciary claims are predicated entirely on alleged ERISA violations **by TLIC**.  (*See* Compl., Count IV ¶ 8 (alleging TIM and TAM are liable "for the fees described herein that they received by knowingly participating in ERISA violations described herein of TLIC."); *id.*, Count VII ¶ 8 (same).)  TLIC separately has moved to dismiss those claims on grounds that it was not a fiduciary for purposes of the conduct alleged in the Complaint.  (*See* TLIC Br. Section II.)  Because the ERISA claims asserted against TIM and TAM are derivative of the claims asserted against TLIC, to the extent TLIC succeeds in dismissing Counts IV and VII, those same claims also must be dismissed as to TIM and TAM.

### III. COUNTS IV & VII SHOULD BE DISMISSED AS TO TIM AND TAM FOR THE ADDITIONAL REASONS THAT THEY SEEK RELIEF THAT IS UNAVAILABLE UNDER ERISA § 502(a)(3).

The Complaint asserts claims against TIM and TAM (Counts IV & VII) under ERISA § 502(a)(3), which authorizes courts to remedy violations of statutory or plan provisions by granting injunctions or "other appropriate equitable relief." But the relief Plaintiffs seek against those defendants is monetary. (Compl., Count IV ¶ 8 & Count VII ¶ 8.)

The Supreme Court has recognized that, "[a]lmost invariably," suits "seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for.... '[M]oney damages,' [which] are, of course, the classic form of **legal** relief.'" *Great-W. Life & Annuity Ins. Co.*, 534 U.S. at 210 (citations omitted) (emphasis added). Such money damages are not available under § 502(a)(3). *See Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 317 F. App'x 169, 171 (3d Cir. 2009) ("[D]emands for monetary compensation that are not addressed to a particular fund cannot be brought pursuant to this section. Such demands constitute legal, rather than equitable, remedies.").

The Complaint's Prayer for Relief plainly seeks monetary damages from TIM and TAM. (Compl., Prayer for Relief ¶¶ 5, 8.) To the extent Plaintiffs seek to re-characterize the relief they are seeking as equitable restitution, Supreme

Court precedent makes clear that Plaintiffs cannot successfully do so given their own allegations. In *Great-West*, the Supreme Court directly held that equitable restitution is available only "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to *particular funds or property* in the [non-fiduciary's] possession." 534 U.S. at 213 (emphasis added). But the Complaint discloses that Plaintiffs are not seeking recovery of specific funds in the Defendants' possession that properly belong to the Plan. They are instead seeking broad recovery of the fees "that they received by knowingly participating in the ERISA violations described herein of TLIC." (Compl., Count IV ¶ 8; *see also id.*, Count VII ¶ 8.)

By their very nature, such fees cannot be traced to Plaintiffs' respective plans. Plaintiffs allege, for example, that TIM and TAM received fees for management of mutual funds within several of TLIC's separate account options. (Compl. ¶¶ 299-300.) As a matter of securities law, mutual fund shares must be sold and redeemed on the basis of their "net asset value", which is calculated by deducting the mutual fund's operating expenses and fees from the current market value of the funds' portfolio of securities. 15 U.S.C. § 80a-22; 17 C.F.R. § 270.2a-4(a)(4). Thus, mutual fund fees and expenses—including a fund's investment management fees—must be paid out of the mutual fund's corpus because the amount of those fees and expenses is inherent in the price charged to all mutual

fund shareholders.[1] Under ERISA, the assets of a mutual fund are *not* plan assets. ERISA § 401(b)(1), 29 U.S.C. § 1101(b)(1) (providing that when an ERISA plan invests in a security issued by a mutual fund, or "investment company," "the assets of such plan shall be deemed to include such security but shall not, solely by reason of such investment, be deemed to include any assets of such investment company."); *Hecker v. Deere & Co.,* 556 F.3d 575, 584 (7th Cir. 2009), *cert. denied,* 130 S. Ct. 1141 (2010) (holding the payments to plan service providers by mutual funds were not plan assets because the "fees were drawn from the assets of the mutual funds in question, which, as [ERISA] provides, are not assets of the Plans.").[2] Thus, the investment management fees that TIM and TAM received from the mutual funds included in TLIC separate accounts cannot, as a matter of law, be traced to any plan.

Nor can Plaintiffs trace any assets TIM and TAM received from the collective investment trusts included in TLIC separate accounts to Plaintiffs' plans. As the Complaint alleges, collective investment trusts are "pooled investment vehicles," meaning that they contain the commingled assets of numerous different

---

[1] Mutual funds are permitted to charge some limited fees, such as redemption fees to prevent short-term trading to individual shareholder accounts.

[2] Consistent with the provision that mutual fund assets are not plan assets, ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B), provides that the mutual fund, its investment adviser and its principal underwriter are not fiduciaries of plans that invest in the mutual fund.

investors.  (Compl. ¶ 119.)  Thus, there is no way to tie a payment out of a collective investment trust to the investment by any particular investor.

Moreover, even if TIM and TAM received payments from the TLIC separate accounts themselves, rather than the underlying investments, those payments still could not be traced to any particular plan.  As the Complaint itself makes clear: "Each of the separate accounts receives investments from many different 401(k) plans operated by TLIC and therefore TLIC is pooling assets together from the multiple different 401(k) plans operated by TLIC."  (Compl. ¶ 133.)

Finally, even if TIM or TAM at one time received fees that could be traced to one of Plaintiffs' plans, Plaintiffs do not direct their demands for monetary relief to any specifically identifiable account or other *res* in TIM's or TAM's possession. *See In re Unisys Corp. Retiree Med. Benefits*, MDL Docket No. 969, 2007 WL 2071876, at *13 (E.D. Pa. July 16, 2007) ("[S]ince they cannot identify the particular property that belongs to them, [plaintiffs] are seeking the same relief as every claimant who seeks monetary damages: money that they believe belongs to them.") (quoting Dan B. Dobbs, *Dobbs' Law of Remedies* § 2.3(3), at 157 (2d ed. 1993)); *Calhoon v. TWA*, 400 F.3d 593, 597 (8th Cir. 2005) (monetary relief is equitable only where the money sought is "specifically identifiable" and can "clearly be traced to particular funds or property in the defendant's possession"); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005) (insurance

premiums paid to an HMO were not subject to equitable restitution because they were placed into the insurer's general accounts, not segregated); *Aetna Life Ins. Co. v. DFW Sleep Diagnostics Ctr.*, Civil No. A 02-1335, 2004 WL 1922033, at *5 (E.D. La. Aug. 25, 2004) (requested moneys had been "dissipated or commingled with other funds received from various other payors or sources" and thus were not "specifically identifiable").

Accordingly, Plaintiffs have not (and cannot) plausibly alleged that the challenged fees paid to TIM and TAM are either specifically identifiable within TIM's or TAM's assets or traceable to Plaintiffs' plans and thus have not pled the facts necessary to state a plausible claim under § 502(a)(3). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, Counts IV and VII should be dismissed.

## **CONCLUSION**

For the foregoing reasons, TIM and TAM respectfully requests that the Class Action Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Dated: May 16, 2011                     Respectfully submitted,

*s/ Thomas R. Curtin*
Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:  (973) 292-1700
Facsimile:   (973) 292-1767

Robert N. Eccles (*Pro Hac Vice* pending)
Gary S. Tell (*Pro Hac Vice* pending)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414

*Attorneys for Defendants*
*Transamerica Life Insurance Company,*
*Transamerica Investment Management,*
*LLC, and Transamerica Asset*
*Management, Inc.*